No. 47,187

STATE OF KANSAS, *Appellee*, v. DEWAYNE MURRELL, *Appellant*.

(523 P. 2d 348)

Opinion filed June 15, 1974.

*Charles E. Worden,* deputy defender, argued the cause, and *David J. Phillips* was with him on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, DeWayne Murrell, was convicted of aggravated robbery growing out of a stickup of the Ramada Inn at 420 East 6th Street, Topeka, Kansas. Pursuant to applicable provisions of law Murrell was sentenced to the custody of the director of penal institutions for a period of not less than seven years to a maximum of life. He has appealed.

The robbery occurred about 5 a. m., February 2, 1971. At that hour, two individuals entered the motel, one armed with a double barreled shotgun, and the night auditor was ordered to open the safe. The auditor complied, and some two thousand dollars thus fell into the hands of the robbers who thereupon beat a hasty retreat to their car and thence proceeded to follow the lead of a second automobile leaving the Ramada premises.

An alarm was turned into the police department and an alert was broadcast. The alarm was heard by a Topeka officer cruising on Fourth Street. He proceeded to the vicinity of the Ramada Inn. As he approached Fourth and Madison he observed two Oldsmobiles speeding north across Fourth on Madison Street. He fell in behind the two cars, followed them onto U. S. Highway 70 and stopped the rear vehicle. It contained two individuals, Glenn Edward Burnett and Lari Wofford. The lead Oldsmobile got away.

Four men were eventually charged with the holdup, Burnett,

Wofford, Terry Lee Miles and this defendant, DeWayne Murrell. At Murrell's trial the principal witness for the prosecution was Glen Edward Burnett, who had already entered a plea of guilty to the crime and was serving a sentence in the Kansas State Industrial Reformatory. Burnett testified in substance that on Friday night, February 2, he and Murrell were together for some time at a Manhattan club; that later, about 1:30 a. m., Murrell picked him up at his home and the two of them, together with Miles, drove to Junction City to get Wofford; that all four men drove back to Manhattan and picked up a 1959 Oldsmobile at Murrell's home, plus, for good measure, a shotgun and a pistol; that the fearless four proceeded in the two Oldsmobiles to the Ramada Inn in Topeka, where Murrell showed Burnett and Wofford the way to go into the inn and the way to come out; that after the robbery was consummated he and Wofford followed Murrell and Miles in the other car to the location where they were stopped, while the lead car sped into the distance.

Murrell offered an alibi to the effect that he, Miles, and a third party by the name of Starnes drove to Junction City around midnight where they spent the next four or five hours making the rounds of pool halls, beer taverns and such, and leaving Junction City between five and five thirty.

Originally three points were designated on appeal: (1) a defense motion for discharge was erroneously overruled, (2) the verdict was contrary to the evidence, and (3) the county attorney was guilty of misconduct in his closing summation. The first two specifications of error have been abandoned, leaving only the third for our consideration.

Specifically, Murrell complains of the following remarks of the prosecutor on final argument:

"Well, let me tell you, ladies and gentlemen, Mr. Burnett's life is in a great deal of jeopardy being in a penal —

"MR. BROWN: I'm going to object to that statement.

"MR. OLANDER: — institution —

"MR. BROWN: Just a minute. Can I ask that the jury be instructed to disregard it? There is no evidence to that effect.

"MR. OLANDER: I will withdraw the remark, your Honor.

"THE COURT: All right, the remark is withdrawn and, members of the jury, you should not consider it for any purposes connected with this trial because it is an argument outside the evidence in this case.

"MR. OLANDER: I would say this, however, ladies and gentlemen, Mr. Burnett is at the Industrial Reformatory. He has now come into court and

testified against somebody. I will leave that to your own imagination as to what that means insofar as he is concerned."

No objection was interposed to Mr. Olander's last utterance.

The defendant argues in effect that Olander's first remark was outside the evidence and thus improper; that he continued making improper and prejudicial comments after objection was made thereto and after the statement had been withdrawn and the jury instructed to disregard the same; and that such conduct was prejudicial in view of the weakness of the state's case against him except for the testimony of Burnett. As to his failure to object to Mr. Olander's second utterance, the defendant argues he was placed in a dilemma, "having to choose between the one evil of endurance and passive silence, and the unknown evil of making objections which would probably result in aggravation of the injury."

On the other hand the state contends the second statement is not repetitive but may be considered in the realm of fair comment in view of the nature of the testimony; that no further remarks of this kind were made thereafter; and that even though the language of the last comment may have been objectionable, the one, solitary instance can not be said to be so prejudicial as to deny the defendant a fair trial.

We are aware of the rule that misconduct on the part of a prosecutor in going outside the record in the heat of final argument may be so gross and fraught with such prejudice as to deny the accused a fair trial and to require a reversal. (*State v. Kelley*, 209 Kan. 699, 704, 498 P. 2d 87.) Especially has this rule been applied where the prosecuting attorney has persisted in his use of statements calculated to inflame the passions and whet the prejudice of the jury. (*State v. Majors*, 182 Kan. 644, 323 P. 2d 917; *State v. Wilson*, 188 Kan. 67, 360 P. 2d 1092.)

It is a salutary rule. There are, indeed, bounds which may not be exceeded by a zealous prosecutor lest his remarks deny the accused his right to a fair trial. We believe, however, that is not the case here. Assuming without deciding that Mr. Olander's second statement, placed in juxtaposition to the statement which was withdrawn, did in fact impinge on the limits of fair comment, we believe that no reversbile error has been shown for the following reasons:

First, there is the lack of any objection being interposed. In *State v. Johnson*, 210 Kan. 288, 502 P. 2d 802, we said:

". . . It is firmly established in this jurisdiction that reversible error

cannot be predicated upon a complaint of misconduct of counsel in closing argument to the jury where no objection is lodged. (*State v. Fleury*, 203 Kan. 888, 457 P. 2d 44; and *State v. McDermott*, 202 Kan. 399, 449 P. 2d 545, cert. den. 396 U. S. 912, 24 L. Ed. 2d 187, 90 S. Ct. 226.)" (p. 297.)

See also, our pronouncements in *State v. Newman*, 213 Kan. 178, 181, 515 P. 2d 814 and *State v. Ralls*, 213 Kan. 249, 250, 515 P. 2d 1205.

In the second place, it cannot be said that any prejudice has been shown which would jeopardize the accused's right to a fair trial. The rule in this respect is stated in *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455, where this court said:

"Misconduct of the county attorney in closing argument will not always require the granting of a new trial (*State v. Lopez*, [182 Kan. 46, 318 P. 2d 662]) unless such misconduct has resulted in prejudice to the extent that the accused has been denied a fair trial. . . ." (p. 521.)

Our language in *Gauger* exemplifies the general rule that before an objectionable statement made by a prosecutor on matters outside the record will entitle the accused to a reversal of his conviction it first must appear that it was injurious to him and was likely to affect the jurors to his prejudice. (5 Wharton's Criminal Law & Procedure, p. 247.)

The trial court, in ruling on Murrell's motion for new trial, found no error arising from prosecutorial misconduct sufficient to warrant a new trial. The trial judge was in far better position to assess the impact of the prosecuting attorney's conduct on the jury than are members of this court. As was said by this court in *Roda v. Williams*, 195 Kan. 507, 515, 407 P. 2d 471, when discussing a charge of misconduct on the part of trial counsel, "This is best left to the trial judge in the first instance who is in position to take immediate corrective action."

We have not overlooked nor do we disagree with the views expressed by this court in *State v. Majors*, 182 Kan. 644, 648, 323 P. 2d 917, and *State v. Wilson*, 188 Kan. 67, 73, 360 P. 2d 1092. However, we shall attempt no analysis of either of those cases other than to say the factual contexts in which they were decided differ materially from that which appears in the instant lawsuit. Hence, they are readily distinguishable.

The judgment of the court below is affirmed.