No. 47,632

STATE OF KANSAS, *Appellee*, v. JOHN JAMES KANE, *Appellant.*

(542 P. 2d 335)

Opinion filed November 8, 1975.

*Michael J. Peterson*, of Kansas City, argued the cause and was on the brief for the appellant.

*Reid F. Holbrook*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is a direct appeal by defendant-appellant, John Kane, from his conviction following a trial to a jury for aggravated robbery as defined by K. S. A. 21-3427. The only real issue in the case was the identity of the defendant as the robber.

The record discloses that on January 11, 1973, the Economy Oil Company, a gasoline station, located at 2616 Parallel in Kansas City, Kansas, was robbed. At about 8:00 p. m. two station employees, George Nelson and Edwin Baker, were preparing to close the station when three armed men entered and forced them into an office. The robbers demanded money from the company safe. Nelson and Baker informed their assailants that they did not know the combination to the safe and could not open it. The victims were then ordered to lie on the floor and were relieved of their own money totaling $3.20. As the robbers fled on foot, one turned and fired his pistol. The shot slightly wounded Baker.

As soon as the robbers departed Nelson and Baker telephoned police to report the robbery. They described the attire and stature of the holdup men to the police dispatcher. One individual was

described as tall, dressed in brown pants, brown shirt and black coat and wearing a ski mask. Another wore brown pants, a corduroy jacket, stocking cap and high-topped shoes. He was described as short with his face obscured by a woman's nylon stocking. No description of the third robber was given. Baker further told police that a man dressed in clothing identical to that worn by one of the robbers had driven into the station in a green and white Lincoln automobile earlier the same day.

Detectives Rose and Billings of the Kansas City Police Department obtained the foregoing descriptions of the robbery suspects from the police dispatcher and proceeded to the scene of the crime. At approximately 8:50 p. m. they received a report via police radio that a green and white Lincoln had been involved in an accident at Eleventh and Greeley Streets. Police Lieutenant Carl Winterringer was dispatched to investigate that accident. He soon notified Rose and Billings that he had recovered a nylon stocking and ski mask from the abandoned vehicle.

At 9:12 p. m. Rose and Billings received another radio message that related that two individuals had reported the theft of a green and white Lincoln and were waiting at Twenty-first and Quindaro Streets to speak with police officers. Rose and Billings responded to this call. As the detectives approached the parties at the Quindaro Street location they noted their apparel matched that reportedly worn by the robbers. The detectives arrested these individuals and transported them to police headquarters, one of whom was defendant Kane.

At 10:00 p. m. a lineup was conducted at the police station. Both Nelson and Baker, victims of the robbery, testified that they identified the defendant as one of the perpetrators by his dress at the lineup. Neither victim could identify the defendant by facial features because their assailants' faces had been masked.

The case was submitted to a jury on the foregoing evidence and a verdict of guilty of aggravated robbery was returned. The defendant has appealed to this court alleging trial errors.

The defendant's first point on appeal is that the trial court erred in permitting the jury to consider the testimony of the robbery victims concerning the ski mask and nylon stocking which the state attempted to introduce as physical evidence. Nelson and Baker testified that the robbers wore masks to disguise their faces which were similar to the articles present in the courtroom. Neither wit-

ness could positively state that those particular articles had been used by the robbers.

The state next attempted to provide additional foundation testimony regarding the custody of the exhibits as a prerequisite to their introduction in evidence. Lieutenant Winterringer was called as a witness by the prosecution to testify that he had taken these items from the defendant's vehicle. Defendant posed a timely objection to his testimony arguing that Winterringer had not been endorsed as a witness for the state. This objection was sustained by the trial court and the exhibits were not admitted as evidence on the ground that the prosecution had failed to establish the proper chain of custody.

Defendant now argues that because the state failed to establish a foundation for the admission of the exhibits, it was error to permit the jury to consider any testimony identifying those exhibits as similar to articles worn by the robbers.

In similar situations this court has cited with approval the following rule stated in 23A C. J. S. Criminal Law § 1807, pp. 114-116:

"While the prosecuting attorney should not endeavor to introduce legally inadmissible evidence, or testimony known to be untrue, he should be allowed full range within the law to bring out all the material evidence he has good reason to believe will shed light on the commission of an alleged offense, and in the absence of bad faith the displaying of an exhibit not thereafter introduced in evidence, or attempting to introduce improper evidence, does not constitute prejudicial misconduct."

This rule was applied in *State v. Basker,* 198 Kan. 242, 424 P. 2d 535, and *State v. Brown,* 193 Kan. 654, 396 P. 2d 401, where, as here, physical evidence, which could not be satisfactorily identified by witnesses, was displayed at the trial but not received in evidence.

It has also been noted that it is not error to submit an exhibit to witnesses in the presence of the jury in an attempt in good faith to lay a foundation for its introduction even though it is finally excluded. (23 C. J. S. Criminal Law § 1035, pp. 1152, 1155, and 1 Underhill's Criminal Evidence § 115, p. 260 [6th ed. 1973].)

Nothing in the present record indicates bad faith on the part of the prosecution in its reference to the exhibits and its efforts to connect them with the defendant. His charge of prejudice is not supported by the record.

Defendant complains that the trial court erred by refusing to remove the unadmitted exhibits from the courtroom immediately following their exclusion. It is not error to refuse to order removal

of articles excluded from evidence where those articles are not likely to distract the attention of the jury from proper consideration of the other proceedings in the trial. (See 23 C. J. S. Criminal Law § 1035, p. 1155.)

In the present case the record clearly indicates the court refused to admit the exhibits and they were not taken to the jury room. We must assume the jury considered and acted upon only the evidence admitted under proper instructions of the court below.

Defendant's next point concerns a question posed to defendant on cross-examination by the prosecutor. Defendant was asked whether he had previously been through police lineups. Over objection by defense counsel defendant answered that he had. A second objection and a motion for mistrial were then posed by defendant's attorney. The trial court refused to declare a mistrial, but sustained the objection and admonished the jurors that they were not to consider the prosecution's questions regarding the defendant's involvement in other lineups.

It is the general rule that before an objectionable statement or question made by the prosecutor will entitle the accused to a reversal of his conviction it must first appear that it was injurious to him and was likely to affect the jurors to his prejudice. (*State v. Murrell*, 215 Kan. 10, 523 P. 2d 348, and *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455.)

The trial court in ruling on defendant's motion found no error sufficient to warrant a mistrial. We have recognized that the trial judge is in a far better position than this court to assess the impact of improper questioning by the prosecuting attorney on the jury. (*State v. Murrell*, supra, at p. 13.) It is our opinion that any prejudice that may have arisen from the prosecutor's cross-examination of defendant in the present case was cured by the trial court's forthright admonition to the jury.

The defendant's final point is that there did not exist substantial, competent evidence to convict him of aggravated robbery. We disagree. The rule in a criminal case is that upon review of the sufficiency of evidence this court will examine the record to determine whether from all the facts and circumstances the jury could reasonably have drawn an inference of guilt. (*State v. Torline*, 215 Kan. 539, 527 P. 2d 994, and *State v. O'Neal*, 204 Kan. 226, 461 P. 2d 801.)

*State v. Kelly*, 210 Kan. 192, 499 P. 2d 1040, states:

"Before a verdict of guilty, which has been approved by the district court, may be set aside because of insufficient evidence, it must clearly be shown that upon no hypothesis whatever is there substantial evidence to support the conclusion reached by the district court." (Syl. ¶ 3.)

It appears from the record in this case that there is a sound basis in the evidence for a reasonable inference that John Kane robbed Nelson and Baker at gunpoint.

Accordingly the judgment of the trial court is affirmed.

MILLER, J., not participating.