10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter Lee WILSON, Petitioner-Appellee,
v.
Louis E. BRUCE, Respondent-Appellant,
Attorney General of the State of Kansas, Respondent.
 No. 93-3174.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 1
 Respondent-appellant Louis Bruce appeals from the district court's grant of the writ of habeas corpus, 28 U.S.C. 2254, to Petitioner-appellee Walter Lee Wilson. Our jurisdiction arises under 28 U.S.C. 1291 and 2253 and we affirm.
 
 
 2
 The parties are familiar with the facts and issues of the case and we will not restate them here. We review the state prosecutor's alleged misconduct to determine whether it rendered the entire trial fundamentally unfair so as to deny Mr. Wilson due process. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Coleman v. Saffle, 869 F.2d 1377, 1395 (10th Cir.1989), cert. denied, 494 U.S. 1090 (1990). The factors considered in this due process analysis are: (1) the strength of the state's case; (2) whether the judge gave curative instructions regarding the misconduct; and, (3) the probable effect of the conduct on the jury's deliberative process. Hopkinson v. Shillinger, 866 F.2d 1185, 1210 (10th Cir.1989), cert. denied, 497 U.S. 1010 (1990). Here, the case against Mr. Wilson was, at best, a close one, the trial judge overruled counsel's objection to the statement in question, and the probable effect of the statement was to play on the fears of the jury. We note the tension between the state-court resolution in this case and similar claims decided by the Kansas courts. State v. Ruff, 847 P.2d 1258, 1266-67 (Kan.1993); State v. Zamora, 803 P.2d 568, 572-73 (Kan.1990); State v. Wilson, 360 P.2d 1092, 1097 (Kan.1961). Be that as it may, we agree with the district court that, as a matter of federal law, the prosecutor's closing argument substantially tainted the fairness of Mr. Wilson's trial such that a new trial is warranted. See, e.g., Coleman, 869 F.2d at 1394-96.
 
 
 3
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3