No. 56,502

STATE OF KANSAS, *Appellee*, v. DWAYNE MERTHA DAVIS, *Appellant*.

(694 P.2d 418)

Opinion filed January 26, 1985.

*Ruben Jorge Krisztal*, of Kansas City, argued the cause and was on the brief for appellant.

*J. Dexter Burdette*, assistant district attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Dwayne Mertha Davis appeals from his conviction by a jury of one count of rape (K.S.A. 21-3502), one count of

aggravated sodomy (K.S.A. 21-3506), and one count of aggravated battery (K.S.A. 21-3414). He was acquitted of one count of aggravated robbery (K.S.A. 21-3427).

On December 2, 1982, Davis and Robert Fields were drinking together at Fields' apartment in Wyandotte County when an argument developed. Fields' landlady, Mrs. D., attempted to stop the argument and was temporarily successful. As the three continued drinking together a second argument broke out between the men. Davis fought with Fields and stabbed him with a knife. He then threatened Mrs. D. with the knife and forced her to engage in two acts of sexual intercourse and two acts of sodomy. Due to his wounded condition, Fields was unable to come to the aid of Mrs. D. When Mrs. D. returned to her own living quarters, Davis followed her. However, the police were contacted and upon arrival arrested Davis and rendered aid to Fields. At trial Davis denied engaging in sexual intercourse with Mrs. D. although he acknowledged one act of oral sodomy which he claimed was consensual. He also claimed that Fields had attacked him with the knife for no apparent reason and that at all times during the fight he was acting in self-defense.

The State called two police officers who testified in detail about defendant's belligerent and abusive behavior during his arrest. Davis hurled a number of obscenities and racial slurs at the officers, physically resisted arrest, and had to be overcome by the officers. Before trial, defense counsel made an oral motion in limine to exclude this evidence asserting it was irrelevant and prejudicial. The trial court denied the motion and in his first point on appeal, Davis claims the ruling was error.

Acts done or declarations made before, during or after the happening of the principal fact may be admissible as part of the res gestae where they are so closely connected with it as to form in reality a part of the occurrence. Evidence that does not constitute a portion of the crimes charged is admissible if there are some natural, necessary or logical connections between the evidence and the inference or result which it is designed to establish. State v. Gray, 235 Kan. 632, Syl. ¶ 2, 681 P.2d 669 (1984). The evidence was clearly admissible. Davis was argumentative, violent and abusive to his victims as well as to the officers. He also contended prior to trial that he was intoxicated at the time. Evidence of defendant's behavior at the time of his

arrest was clearly relevant to some of the issues in the case. No error is shown.

Defendant next claims the trial court erred in permitting police officers to testify about the victims' out-of-court statements before the victims themselves took the stand. It is asserted that the evidence was hearsay and that defendant was denied his constitutional right to confront the witnesses against him. The two officers called to the stand at the beginning of the State's case gave general testimony regarding statements made by Mrs. D. and Fields at the time of defendant's arrest. However, both victims were subsequently called to the stand as State witnesses and testified at length about the events in question. They were also subjected to intense cross-examination by defense counsel. Notwithstanding, defendant asserts it was reversible error to allow the officers' testimony prior to that of the victims.

Defendant relies upon *State v. Fisher*, 222 Kan. 76, Syl. ¶ 5, 563 P.2d 1012 (1977), where we held:

"In a criminal proceeding, the declarant must testify at trial before hearsay evidence of his out-of-court statements may be admitted under K.S.A. 60-460(a)."

The reliance upon *Fisher* is misplaced. In *Fisher* the defendant was convicted of indecent liberties with a child and aggravated sodomy involving his eleven-year-old stepdaughter, Carla. At trial Carla repudiated her prior accusations against her stepfather and said her previous statements to police officers were lies. It appeared defendant's wife was going to do the same thing. In a hearing in chambers the trial judge found Carla and her mother were turncoat witnesses and allowed officers to testify as to their prior statements in which they accused the defendant of the acts charged. *Mrs. Fisher never did take the witness stand.* In its opinion this court stated:

"We have no dispute with the district court's finding that Carla was a turncoat witness. The court observed some thirty minutes of Carla's direct examination; Carla was evasive, hostile and denied the truthfulness of her prior statements which were the basis for the charge against the accused. The state's tender of evidence in chambers was to the effect that Carla's prior statements were in complete contradiction to her testimony at trial and at the preliminary hearing. This was the traditional turncoat witness situation, and the court did not err in ruling Carla's prior hearsay statements were admissible as substantive evidence under 60-460(a). *See, State v. Lott,* 207 Kan. 602, 485 P.2d 1314; S.Gard, Kansas Code of Civil Procedure 466 (1963).

"However, it was an abuse of discretion for the district court to allow hearsay statements of Mrs. Fisher to be admitted under 60-460(*a*) based on a finding she was a turncoat witness. Mrs. Fisher was available to testify at trial, but was never called. The state's tender of proof was that the testimony Mrs. Fisher would give at trial would be completely contradictory to her prior statements. This was an insufficient basis for permitting the use of the 60-460(*a*) exception. It was an abuse of discretion for the district court to find Mrs. Fisher was a turncoat witness without her first testifying contrary to her prior statements." *Fisher*, 222 Kan. at 79.

In reaching the conclusion that the defendant had been denied his right to confront Mrs. Fisher, the court made a thorough examination of the Sixth Amendment's guarantee of the right of confrontation and stated:

"Our conclusion is different with respect to the hearsay statements of Mrs. Fisher. For the reasons set forth in the foregoing portions of the opinion, *we hold that under the circumstances of this case*, admission of Mrs. Fisher's hearsay statements violated the appellant's right to confrontation. In our view, for the declarant to be subject to full and effective cross-examination by the defendant, he must be called to testify by the state.

"For the reasons of policy and fairness, and to ensure the right of confrontation is not abridged, we hold that in a criminal proceeding the declarant must testify at trial before hearsay evidence may be admitted under K.S.A. 60-460(*a*)." 222 Kan. at 82. (Emphasis added.)

That ruling from *Fisher*, as set forth in Syl. ¶ 5, must be considered and applied in the light of the specific facts of that case.

In *Fisher* the court made it clear that its ruling was based upon the facts of the case and that Mrs. Fisher was never called to testify. In the present case both victims were present and available to testify. Both actually testified and were subjected to extensive cross-examination. In *Fisher*, the court stated:

"Whether a witness is actually cross-examined, the fact the defendant has an opportunity to carry out such an inquiry satisfies the confrontation clause." 222 Kan. at 82.

While it may be better practice, if an orderly and understandable presentation of the case permits, to call the declarants prior to the admission of their out-of-court statements by other witnesses, the failure to do so when the declarants are available and actually testify does not violate the confrontation clause of the Sixth Amendment. No error is shown.

The next issue is the refusal of the court to give a separate

instruction on the defense of consent pursuant to PIK Crim. 2d 52.08. Defendant contends that his assertion Mrs. D. consented to oral sexual relations constitutes an affirmative defense. We do not agree. The trial court gave Instruction No. 9 on the elements of aggravated sodomy including "[t]hat the defendant had oral sexual relations with . . . [Mrs. D.], who was not a *consenting adult* of the opposite sex." (Emphasis added.) In its Instruction No. 10 the court said that the burden was on the State to prove each element of the offense charged beyond a reasonable doubt. Both instructions followed PIK Crim. 2d. There is no doubt the general rule regarding instructions is that the trial court must instruct the jury on the law applicable to the theories of all parties where there is evidence to support the theory. *State v. Williams*, 235 Kan. 485, Syl. ¶ 6, 681 P.2d 660 (1984). However, evidence merely tending to refute or deny one of the elements of the crime does not necessarily constitute an affirmative defense entitled to a separate instruction. For examples of true affirmative defenses see Notes to PIK Crim. 2d 52.08. Here defendant's evidence was an attempt to deny the element of non-consent which was fully covered in the other instructions given. No error is shown.

The fourth issue concerns the trial court's failure to instruct the jury on (a) lewd and lascivious behavior as a lesser included offense of rape and sodomy, and (b) simple battery as a lesser included offense of aggravated battery. Lewd and lascivious behavior in violation of K.S.A. 21-3508 consists of elements separate and distinct from the offense of aggravated sodomy, and is neither a lesser degree of aggravated sodomy nor a crime necessarily proved if aggravated sodomy is proved. *State v. Robinson, Lloyd & Clark*, 229 Kan. 301, Syl. ¶ 5, 624 P.2d 964 (1981); *State v. Gregg*, 226 Kan. 481, Syl. ¶ 2, 602 P.2d 85 (1979); *State v. Crawford*, 223 Kan. 127, 128, 573 P.2d 982 (1977), *cert. denied* 435 U.S. 930 (1978). The same is true as to the crime of rape.

In contrast, simple battery is a lesser included offense of aggravated battery. However, the duty to instruct on lesser included crimes arises only when there is evidence upon which a defendant might reasonably be convicted of the lesser charge. *State v. Royal*, 234 Kan. 218, Syl. ¶ 4, 670 P.2d 1337 (1983). Davis' testimony in this case was not that he committed simple

battery, or any criminal act, in his contact with Mr. Fields. Davis denied cutting Fields, and stated he was acting only in self-defense after being attacked by Fields. Faced with the conflicting testimony, Davis was guilty of aggravated battery or no battery at all, and the jury would have had no basis for finding Davis guilty of simple battery. The trial court did not err in refusing the requested instructions on lesser included offenses.

Next defendant asserts error in the failure of the trial court to declare a mistrial on the grounds of juror misconduct. The conduct complained of is based solely upon hearsay, speculation and conjecture. Even if true we doubt that it could be considered misconduct and in any event there has been absolutely no showing of any prejudice to the defendant. *State v. Fenton*, 228 Kan. 658, Syl. ¶ 1, 620 P.2d 813 (1980).

The last two issues raised on appeal concern the sufficiency of the evidence and claimed error in the trial court's denial of defendant's motion for judgment of acquittal. We have carefully examined the record and find both points to be without merit.

The judgment is affirmed.