No. 66,090

STATE OF KANSAS, *Appellee*, v. JAYCEE R. DEGGS, *Appellant*.

(834 P.2d 376)

Opinion filed July 10, 1992.

*Jessica R. Kunen*, chief appellate defender, argued the cause, and *Kaye Messer*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, were with her on the brief for appellant.

*Debra Byrd Wagner*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Jaycee R. Deggs appeals his jury trial conviction of aggravated battery (K.S.A. 21-3414). The Court of Appeals reversed the conviction in an unpublished opinion filed January 10, 1992. The matter is before us on the State's petition for review.

The sole issue is whether the trial court erred in failing to instruct the jury on simple battery (K.S.A. 21-3412) as a lesser included offense of aggravated battery.

The facts may be summarized as follows. During the evening hours of March 17, 1990, Wichita police officers broke up a fight occurring in a Coastal Mart parking lot on 21st Street in northeast Wichita. One youth was arrested as a result of the incident. A substantial number of youths had gathered in the area at the time of the arrest. These individuals moved east to a car wash parking lot. The group became a mob and some of its members commenced hurling rocks and large pieces of asphalt at vehicles driving west on 21st Street.

Raymond Guerrero was driving a white Honda Civic west on 21st Street. The vehicle's owner, Heidi Huber, was in the front passenger seat. The vehicle was struck several times. The rear passenger's window was broken first. As a rock, or piece of asphalt, came through the passenger's window, Huber ducked, but Guerrero was struck on the side of the head. He lost control of the vehicle, which swerved to the opposite curb and stopped. Huber realized Guerrero was injured and moved to the driver's seat. She was then struck in the eye by one of the mob. With the help from an older man, Huber was able to leave the scene and drive Guerrero to a hospital. Despite immediate surgery, Guerrero lapsed into a vegetative state, where he remained at trial. Guerrero has since died as a result of his injuries.

The subsequent police investigation revealed defendant had been involved in the rock throwing. Initially, upon questioning, defendant denied being at the scene and throwing rocks. Upon further questioning, defendant admitted being present and throwing a rock at the Guerrero vehicle and others. Defendant stated there was a lot of tension in the group. He stated considerable drinking of alcoholic beverages was occurring. He further stated everyone was getting drunk and talking about "doing a little damage to somebody, wanting to hurt somebody." Defendant stated his rock had hit the body of the Guerrero vehicle below the rear passenger window. (Huber testified her vehicle was not dented.) Defendant stated Quentiero Reece threw the rock that injured Guerrero. Defendant stated, "We bragged about how we fucked the car up," but that Reece bragged about "fucking up the man."

Defendant was charged with aggravated battery, riot, and criminal damage to property. At trial, defendant testified his rock did

not strike Guerrero and that he did not intend to injure Guerrero. An aiding and abetting instruction was given. Defendant was convicted on all three counts. His appeal concerns only the aggravated battery conviction.

Defendant contends that, as he did not intend to injure Guerrero or anybody, the jury should have been instructed on simple battery as a lesser included offense of aggravated battery.

A trial court has the affirmative duty to instruct the jury on all lesser included offenses established by the evidence. Instructions on lesser included offenses must be given even though the evidence is weak and inconclusive and consists solely of the testimony of the defendant. An instruction on a lesser included offense is not required, however, if the evidence at trial excludes a theory of guilt on the lesser offense. The duty of the trial court to instruct on the lesser included offense is applicable only when the evidence introduced at the trial is such that the defendant might reasonably have been convicted of the lesser offense. *State v. Dixon,* 248 Kan. 776, Syl. ¶ 1, 811 P.2d 1153 (1991). See K.S.A. 21-3107(3).

Battery is defined in K.S.A. 21-3412 as follows:

"Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

Aggravated battery is defined in K.S.A. 21-3414 as follows:

"Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:

(a) Inflicts great bodily harm upon him; or
(b) Causes any disfigurement or dismemberment to or of his person; or
(c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

Battery requires the intentional touching or application of force. Aggravated battery requires the intent to injure by the battery plus one of the statutory results or means utilized.

In support of his contention, defendant cites *State v. Warbritton,* 211 Kan. 506, 506 P.2d 1152 (1973), where an aggravated battery conviction was reversed for failure to instruct on battery as a lesser included offense. This reliance is misplaced. In *Warbritton,* the defendant testified the victim made homosexual advances to him in a tavern. Defendant struck the victim, but forgot

he was holding a beer glass in the hand with which he struck the victim. He further testified he did not intend bodily harm. Although not really spelled out in the opinion, it is apparent that the beer glass caused the victim's severe injuries. The beer glass evidence was obviously crucial to the conviction of aggravated battery. Defendant argued that while he may have intentionally struck the victim, he had forgotten the presence of the beer glass and did not intend injury by the striking out with what he thought was his empty hand.

In the case before us, defendant denies the rock or piece of asphalt he threw struck the victim, although he admits he threw it at the moving vehicle the victim was driving. Secondly, he argues he did not intend injury by the object he admittedly threw. We cannot tell from the verdict whether defendant was convicted as a principal or as an aider or abettor. The sole issue herein is framed on the assumption defendant was convicted as a principal, and we will consider it in that vein.

In his statement to police officers, defendant stated that the group he was in, prior to throwing anything, was talking about wanting to hurt somebody. With this in mind, defendant and his associates started throwing rocks and pieces of asphalt at passing motorists. The missile which came through the front passenger's window presumably would have struck Ms. Huber had she not ducked. Whether the rock was aimed at the passenger or the driver has no bearing herein. A number of witnesses at the trial recounted that during the same incident, vehicles they were driving or occupying were struck on or near windows. Three windows of the Huber vehicle were broken, but no dents were on the body of the car. The whole picture painted of the incident clearly supports defendant's statement that the intended purpose of the rock throwing was to injure. Injury could have occurred as a result of being directly hit with a thrown object, being hit by broken glass, or losing control of a vehicle in the rock-throwing melee. The throwing of pieces of asphalt at the occupied moving vehicles was a highly dangerous activity which accomplished what defendant stated to the officers had been intended—to hurt somebody.

We have carefully reviewed the record and conclude that, under the circumstances herein, defendant could not reasonably

have been convicted of battery had the jury been instructed on same as a lesser included offense. Accordingly, the failure to give such an instruction was not error.

The judgment of the Court of Appeals is reversed. The judgment of the district court is affirmed.