(958 P.2d 37)

No. 76,377

STATE OF KANSAS, *Appellee*, v. BOBBY JOE GRAY, *Appellant*.

—

Opinion filed May 8, 1998.

*Joseph P. Leon* and *Stephen B. Chapman*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*John L. Swarts III*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., GREEN, J., and STEVEN R. BECKER, District Judge, assigned.

BECKER, J.: Defendant appeals his jury convictions for sale of marijuana within 1,000 feet of a school and possession of drug

paraphernalia. He alleges: (1) Prosecutorial misconduct violated his right to a fair trial; (2) the State's proof of sale of hallucinogens within 1,000 feet of a school was insufficient for conviction; and (3) the trial court should have granted a new trial because the jury was prejudiced by out-of-court statements from a State witness. We reverse and remand for a new trial upon the issue of prosecutorial misconduct.

The facts leading to the charges are somewhat convoluted. For purposes of this opinion, the following facts are sufficient: On July 21, 1994, the Fort Scott police were called to the defendant's apartment on two separate occasions within a relatively brief period of time. Based upon the information obtained, a search warrant was issued and executed upon the defendant's apartment. Items seized from various locations throughout the apartment included a small amount of marijuana and seeds; numerous items of drug paraphernalia, including syringes and spoons; and items indicative of drug trafficking.

Kimberly Tindel, the defendant's live-in girlfriend, and Carla Ragan, a friend and neighbor of the defendant, were charged with possession and distribution of marijuana and possession of drug paraphernalia. Later, the defendant was charged. Generous plea agreements were made with Tindel and Ragan in exchange for their testimony against the defendant. At trial, the State relied heavily on the testimony of Ragan and the theory of constructive possession by the defendant. Tindel's testimony was favorable to the defendant. Suffice it to say, the evidence against the defendant was not overwhelming.

The first prosecutorial comment which the defendant argues was prejudicial occurred during cross-examination of the defendant. The defendant had denied knowledge and ownership of certain items of drug paraphernalia, including syringes and spoons. During cross-examination, the defendant denied using syringes since a month and a half before the execution of the search warrant. The prosecutor, in response, directed the defendant to exhibit his arms. The defendant complied. His arms apparently revealed no evidence of the intravenous drug use. The prosecutor, in response,

turned from the bench and toward the jury and stated: "Sure saw a lot more on the day we arrested you."

Defense counsel made a timely objection. A motion for mistrial was denied. The trial court agreed to admonish the jury to disregard the statement but did not do so until the end of trial, after instructions and closing arguments and immediately before the jury retired to deliberate.

The defendant further claims that numerous comments made during the prosecutor's closing argument denied him a fair trial. No contemporaneous objection was lodged to any of these statements. During closing argument, the prosecutor referred to testimony during the preliminary hearing which conflicted with trial testimony. The preliminary hearing testimony was not entered as evidence at the trial. The prosecutor expressed his personal opinion that the defendant was "the kingpin" and that the prosecutor was the attorney for the individual jurors and they were his clients. Further, the prosecutor made an attempt to define "reasonable doubt" by stating: "If there's some reasonable explanation to not believe my claims, then you've got to go with the defendant." The prosecutor also questioned the source of the funds the defendant used to post bail and stated:

"I don't know where the money went. I'd have been glad to get there early enough. I've gotten there early enough on other occasions, and we've gotten from hundreds to thousands. But in this case, we didn't find any money.

"But if I'm leaving, I don't have time to grab the weed, but I'm going to make sure I got time to grab the money, money I've got to spend."

The prosecutor also implied to the jury that the syringes in evidence were HIV contaminated.

Prosecutorial misconduct is an error of constitutional magnitude and will not be found to be harmless unless the reviewing court is able to declare that the error was harmless beyond a reasonable doubt. *State v. Lockhart*, 24 Kan. App. 2d 488, 491, 947 P.2d 461, *rev. denied* 263 Kan. 889 (1997).

The prosecutor's remark during cross-examination of the defendant was clearly improper. The jury was instructed that it should disregard that statement by the prosecutor. Under normal circumstances, the instruction would be presumed to cure any prejudicial

effect of the prosecutor's statement. See *State v. Spresser*, 257 Kan. 664, 670, 896 P.2d 1005 (1995). In this case, however, while an objection was sustained, the jury was not admonished until several hours later, immediately before deliberations, and the admonishment may have, in fact, heightened the jury's awareness of the comments.

> " ' "When determining whether prosecutorial misconduct was prejudicial, factors that should be considered include: (1) Is the misconduct so gross and flagrant as to deny the accused a fair trial? (2) Do the remarks show ill will on the prosecutor's part? (3) Is the evidence against the defendant of such a direct and overwhelming nature that the misconduct would likely have little weight in the minds of the jurors? [Citation omitted.]" ' " *Lockhart*, 24 Kan. App. 2d at 492.

In the instant case, the conduct was gross and flagrant and was motivated out of ill will by the prosecutor. The evidence of the case was not so overwhelming that the misconduct can be considered harmless error.

The county attorney, who touted his years of experience during closing argument, attempts to defend his actions by claiming the defendant goaded him into the statement and that the statement was an "unintentional and a thoughtless reaction to Gray's prodding." This excuse is not sufficient to justify the attorney's conduct. See *Spresser*, 257 Kan. at 670. It is the county attorney, not the defendant, who holds a position of quasi-judicial authority and who is held to a higher standard and required to protect the fair trial rights of the defendant.

The statement appears to be motivated by nothing but ill will on the part of the prosecutor. First, the county attorney turned his back to the judge and defense counsel when the statement was made, indicating an attempt to obscure the comment from the record, and then admits, via the previous argument, that the defendant was "prodding" him during cross-examination. The circumstances surrounding the statement cast doubt on the county attorney's claim that the remark was unintentional. While the statement may not have been made with malicious intent, it was certainly intentional.

Finally, the comment cannot be said to have borne little weight in the minds of the jury. The case against this defendant was pred-

icated on the testimony of a witness who admitted she was under the influence of different forms of legal and illegal drugs at the time of the alleged sale in this case. The possession of paraphernalia charges were based on constructive possession of the items found at the defendant's known residence which he shared with at least one other adult who admitted ownership of the drugs and to which many persons had access. Defendant testified and claimed the paraphernalia and drugs at the house were not his. The prosecutor's improper statement calling the defendant's veracity into question, as in *Lockhart*, was error. The defendant's credibility was impaired by the prosecutor's remark. It cannot be said, given the circumstantial nature of the State's entire case, that the error was harmless beyond a reasonable doubt.

For the above reasons, the remark is so prejudicial as to be classified as incurable by the later jury admonition, particularly one which came at the very close of the trial, immediately before the jury retired for deliberation. Certain prosecutorial comments cut so deeply that even the most eloquent admonishment is not adequate salve to heal the prejudicial wound. See *Lockhart*, 24 Kan. App. 2d at 492-93.

We find it necessary to also address improper remarks of the prosecutor during closing argument.

"In closing argument to the jury, the prosecutor should not use statements calculated to inflame the passions or prejudices of the jury." *State v. Duke*, 256 Kan. 703, 719, 887 P.2d 110 (1994). Our review of alleged prosecutorial misconduct in closing argument is well established:

"The analysis of the effect of a prosecutor's allegedly improper remarks is a two-step process. First, the appellate court determines whether the remarks were outside of the considerable latitude the prosecutor is allowed in discussing the evidence. Second, if the remarks are found to be improper, the court must consider whether, in light of the record as a whole, they are so prejudicial as to amount to reversible error."

"Improper remarks made in closing argument are grounds for reversal only when they are so gross and flagrant as to prejudice the jury against the accused and deny him or her a fair trial. In deciding whether improper remarks by the prosecution during closing argument constitute harmless error, the reviewing court must be able to find that the error had little, if any, likelihood of changing

the result of the trial. Such a belief must be declared beyond a reasonable doubt." *State v. Collier*, 259 Kan. 346, Syl. ¶¶ 5, 6, 913 P.2d 597 (1996).

In the instant case, many of the arguments presented by the State go beyond the scope of fair comment on the evidence even considering the wide latitude given a prosecutor in closing statement. The prosecutor gave his personal belief of the defendant's guilt; mentioned irrelevant other cases in which he had found drug money; offered other evidence of defendant's guilt from the preliminary hearing, which was testimony the jury did not hear; and finally, implied that the defendant was infected with HIV.

Under normal circumstances, because Kansas does not recognize the plain error rule, a contemporaneous objection is required to preserve an issue of improper closing argument for appeal. *Spresser*, 257 Kan. at 674 (Abbott, J., concurring). There was no contemporaneous objection by the defendant to these comments. However, this court has recently reiterated that both "the prosecutor and the trial judge have independent duties to protect a defendant's right to a fair trial." *State v. Price*, 24 Kan. App. 2d 580, 582, 948 P.2d 1145 (1997). According to *Price*, a trial judge need not wait for the defendant to object to prevent prosecutorial misconduct from occurring. Both the prosecutor and the trial court failed in this duty. As Justice Abbott noted in *Spresser*, the tendency of the courts to refuse reversal on prosecutorial misconduct results in a proliferation of "unethical, improper closing arguments." 257 Kan. at 675.

In the instant case, the multiple instances of misconduct by the prosecutor resulted in a fundamentally unfair trial for the defendant. The judge attempted to cure the prejudice wrought during the cross-examination of the defendant, but the cure was remote in time and context from the original statement, which had been allowed to germinate in the jury's mind by the time any cure was offered. If the first statement during cross-examination was not prejudicial, then certainly, when combined with the egregious remarks during closing argument, the defendant's trial was substantially prejudiced, and he is entitled to a new trial.

The defendant also raises a sufficiency of evidence claim regarding the element of sale within 1,000 feet of a school, contend-

ing as a matter of law that the evidence did not support a finding that the sale occurred within the proscribed distance. We have carefully reviewed the evidence and are satisfied that there was substantial competent evidence to support the jury's finding.

Because the defendant is entitled to a new trial, we do not address the third and final issue raised on appeal.

Reversed and remanded for new trial.